UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | No. 04-10345-NMG |
| v. | ) ) ) |  |
| MOHAMMED ABDUL RASHEED QUARAISHI | ) ) |  |

**DEFENDANT  RASHEED QUARAISHI'S
MOTION TO VACATE SEIZURE WARRANT OR,
ALTERNATIVELY, FOR EVIDENTIARY HEARING**

**NOW COMES** Defendant Mohammed Abdul Rasheed Quaraishi ("Rasheed") and hereby moves for this Court's Order, vacating the Seizure Warrant issued by this Court on *ex parte* (pre-Indictment) application of the Government, November 1, 2004.

In support whereof, Rasheed states as follows:

1.	On November 18, 2004, Defendant Mohammed Abdul Rasheed Quaraishi ("Rasheed") and his two brothers, Aziz and Qaiyum, were indicted for "encouraging and inducing aliens to come to, enter, and reside in the United States" in violation of 8 U.S.C. § 1324(a)(1)(A)(iv);

2.	On November 1, 2004 (pre-indictment), the Government sought – and this Court issued – a warrant, authorizing seizure of "the contents" of two numbered bank accounts maintained at Charter One Bank (Chicago, IL; hereinafter, the "Seizure Warrant") – Rasheed's personal account; and Rasheed's corporate (MAQ Technologies, Inc., Rasheed's computer consultant company ("MAQ"), of which Rasheed is sole principal) account;

  3. The aggregate amount seized, and held today by the Government, came to $107, 792.40;

  4. The Government sought this warrant, accompanied by case agent affidavit alleging "probable cause to believe" that the contents of these accounts "were involved in and were used to conduct and to facilitate money laundering activities, in violation of 18 U.S.C. § 1956;"

  5. The Indictment sets forth *no* criminal forfeiture count on these monies (nor – as a pre-trial matter – may they be held as "substitute assets"); rather, the Government has since announced its intention to pursue these monies by way of civil forfeiture proceedings;

  6. The funds seized from Rasheed's personal and corporate bank accounts were *not* acquired by means of any illegal activity, much less any "money laundering activities," as alleged by the Government. Rather, as is established by means of Affidavit of Rasheed Quaraishi (submitted herewith, **Ex. "A"**); and excerpts from Rasheed's personal (true copy, **Ex. "B"**) and MAQ Technologies, Inc. (true copy, **Ex. "C"**) bank records, *all* of the monies taken and yet held under the Seizure Warrant (collectively the "Monies") derive directly from one of two demonstrably legitimate sources;

  7. Particularly, the Monies constitute either (1) payments to MAQ from MAQ clients for services performed; or (2) bank loans or personal loans (from one or more (identified) individuals, with whom Rasheed has a personal relationship) to Rasheed, to help MAQ meet payroll;

  8. Here, absolutely *none* of the funds seized derived from any illegitimate source; *a fortiori*, no argument can be made that these monies are "subject to forfeiture" –

2

under either 18 U.S.C. § 981(civil forfeiture) or 18 U.S.C. § 982 (criminal forfeiture) as "proceeds of unlawful [*i.e.*, money laundering] activity."

9. Likewise, where all of the funds seized are shown to be from legitimate sources, and thus, untainted, no "commingling" argument can be advanced (*i.e.*, the Government may not say that even if *some* of the monies in an account are shown to have come from legitimate sources, others in the same account were from "tainted" sources; and thus the government may not claim that Rasheed "pooled" the funds to disguise the nature and source of the "tainted" monies).

10. Accordingly, the Government may not be heard to argue that the Monies are subject to forfeiture as "property *involved in*" certain specified unlawful activity. *See, e.g., United States v. McGauley*, 279 F.3d 62, 75-76 (1st Cir. 2002).

11. On this record, therefore, the Government is without authority to continued possession of the Monies and Rasheed is entitled to their immediate return.

12. Alternatively, Rasheed has – on this record – clearly established a *bona fide*, (more than) sufficient basis on which to call into question the correctness of the government's claims, submitted *ex parte*, in support of the Seizure Warrant. *See, e.g., United States v. Jones*, 160 F.3d 641, 647 (10th Cir. 1998).

13. Accordingly, where Rasheed has demonstrated an immediate need for the Monies for defense of the instant criminal action Rasheed's rights to due process and substantial interest in engaging counsel of his choosing entitles him to an evidentiary hearing at which the Government will be called upon to adduce sufficient evidence of "probable cause" as to continued (pre-trial) seizure of the Monies. *Id*.

**WHEREFORE**, Rasheed respectfully requests that this Honorable Court (1) issue its Order, vacating the Seizure Warrant, and thus returning to Rasheed the Monies; or, in the alternative (2) conduct an evidentiary hearing at which the Government would be called upon to come forward to meet its burden of producing sufficient evidence of "probable cause" on which to base continued seizure of the Monies.

### REQUEST FOR ORAL ARGUMENT

Defendant Mohammed Abdul Rasheed Quaraishi hereby requests oral argument on this motion.

    Respectfully submitted,
    MOHAMMED ABDUL RASHEED QUARAISHI
    By his attorneys,


    /s/ Frank A. Libby, Jr._____
    Frank A. Libby, Jr. (BBO No. 299100)
    Nicholas A. Klinefeldt (BBO No. 647422)
    **KELLY, LIBBY & HOOPES, P.C.**
    175 Federal Street
    Boston, MA  02110
    Telephone:  (617) 338-9300

Dated: April 11, 2005

4