**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | ) |
| vs. | ) **Cr. No. 04-10345-NMG** |
| MOHAMMED ABDUL RASHEED QURAISHI, et al., ) Defendants. | ) |

ORDER
July 12, 2005

**SWARTWOOD, C.M.J.**

By Order of Reference dated November 18, 2004, this matter has been referred to me for pretrial proceedings. This Order addresses Defendant Rasheed Quaraishi's Motion To Vacate Seizure Warrant Or, Alternatively, For Evidentiary Hearing (Docket No. 50).

Background

On November 1, 2004, I issued two seizure warrants: one for the contents of a bank account ("Account 1") held in the name of Mr. Mohammed A.R. Quaraishi ("Mr. Quraishi" or "Defendant")[1] and

---

[1] In the Indictment, this Defendant's last name is spelled "Quraishi". However, for purposes of the seizure warrants and civil forfeiture proceeding referred to below, this Defendant's last name is spelled "Quaraishi". In various submissions to this Court, this Defendant's counsel spells his name both ways. For purposes of this Order, unless spelled otherwise in submissions or official documents, I will refer to the Defendant throughout as Mr. Quraishi.

one for the contents of a bank account ("Account 2") held in the name of MAQ Technologies Inc./Mohammed A.R. Quaraishi. The aggregate amount seized from the two accounts by the Government is $107,792.40 (consisting of $4,468.18 from Account 1 and $103,324.22 from Account 2). On November 18, 2004, Mr. Quraishi and others were indicted and Mr. Quraishi was charged with one count of unlawfully encouraging and inducing aliens to come to, enter and reside in the United States in violation of 8 U.S.C. §1324(a)(1)(A)(iv). On March 18, 2005, the Government filed a Complaint for Forfeiture in Rem against the $103,342.22 in U.S. Currency and $4,468.18 in U.S. Currency in this Court. See <u>United States of America v. $103,342.22 in U.S. Currency, et al.</u>, 05-cv-10515-REK ("Civil Forfeiture Action"). On April 11, 2005, Mr. Quraishi filed his motion to vacate seizure warrants and/or hold an evidentiary hearing. On May 13, 2005, Mr. Quraishi filed a motion to dismiss, or in the alternative to stay in the Civil Forfeiture Action in which he argues that the complaint should be dismissed for failure to state a claim, or in the alternative, stayed pending resolution of his motion to vacate. Judge Keeton has yet to rule on that motion.

<u>Discussion</u>

Initially, I must determine whether: (1) given the parallel civil forfeiture proceeding, this Court should abstain from

addressing Mr. Quraishi's motion to vacate[2]; and (2) I, as the magistrate judge who issued the seizure warrants in question, am the appropriate judicial officer to rule on this motion.

As to whether Mr. Quraishi's motion to vacate should be dismissed in favor of allowing the validity of the seizure warrants to be determined in the parallel civil proceeding, the Second Circuit has held that "the seizure and forfeiture of property are two distinct events under the civil forfeiture laws [and] ... [w]hile both events require the government to have probable cause, the government is not required to demonstrate probable cause until the forfeiture trial *unless* a claimant challenges the validity of the seizure before trial". Marine Midland Bank N.A. v. United States, 11 F.3d 1119, 1124 (2d Cir. 1993). Once a claimant challenges whether probable cause existed for the seizure, the Government becomes "obligated to show that it had probable cause" *at the time of the seizure*. Id., at 1125.[3] However, once a civil forfeiture procedure has commenced, the claimant has an adequate alternate remedy at law in which legality of the seizure may be contested and his claim of undue hardship may be addressed.

---

[2] For purposes of this Order, I will assume that since Mr. Quraishi is the principal owner and officer of MAQ Technologies Inc., that corporation is not a necessary party to this proceeding.

[3] The Second Circuit has stated that the validity of a seizure warrant may be challenged in an order to show cause proceeding pursuant to Fed.R.Crim.P. 41(e), now Fed.R.Crim.P. 41(g). Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return ... .". Fed.R.Crim.P. 41(g). I will treat Mr. Quraishi's motion to vacate seizure warrant as an order to show cause pursuant to Rule 41(g).

3

Furthermore, since Mr. Quraishi has been indicted in this case, he can contest the validity of the seizure in a motion to suppress. Therefore, I am denying Mr. Quraishi's motion to vacate the seizure warrants and/or hold an evidentiary hearing.

Because I am denying Mr. Quraishi's motion, it is not necessary for me to address whether a magistrate judge has the authority to rule on Rule 41(g) motion. While there is precedent to suggest that a magistrate judge has jurisdiction to address a Rule 41(g) motion for return of property, see United States v. Douleh, 220 F.R.D. 391 (W.D.N.Y. 2003)(*dicta*), it is my position that because I issued the seizure warrants in question, it would not be appropriate for me to address the merits of Mr. Quraishi's motion which would require me to determine whether I properly found that probable cause existed to issue the seizure warrants in the first instance.[4]

---

[4] This circumstance is distinguishable from the circumstance in which the same magistrate judge who authorized the filing of a complaint presides over a hearing pursuant to Fed.R.Crim.P. 5.1 to determine whether probable cause exists for the offenses charged in the complaint. The determination of whether probable cause exists for the charges against a defendant is made after hearing and is independent of whether probable cause existed for the issuance of the complaint in the first instance.

## Conclusion

Rasheed Quaraishi's Motion To Vacate Seizure Warrant Or, Alternatively, For Evidentiary Hearing (Docket No. 50) is <u>denied</u>.

<pre>
                              /s/ Charles B. Swartwood
                              Charles B. Swartwood III
                              Chief Magistrate Judge
</pre>