UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Plaintiff, )<br>   v. )<br>                              )<br>MOHAMMED ABDUL RASHEED QURAISHI, )<br>        Defendant. )<br>                              ) | Criminal No. 04-10345-NMG |

**UNITED STATES' MOTION**
**FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE**

    The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case, pursuant to Title 21, United States Code, Section 853. In support thereof, the United States sets forth the following:

    1.   On or about November 18, 2004, a grand jury sitting in the District of Massachusetts returned a Five-Count Indictment charging Mohammed Abdul Rasheed Quraishi ("Defendant") and others, with the following: Encouraging and Inducing Aliens to Come to, Enter and Reside in the United States in Violation of Law, in violation of 8 U.S.C. §1324(a)(1)(A)(iv) (Count One).[1]

    2.   The Indictment also included a Criminal Forfeiture allegation, pursuant to 18 U.S.C. §982(a)(6), and as a result of the offenses alleged in Counts One, Two, and Three of the

---

[1] The Defendant was not charged in the other counts of the Indictment.

Indictment, the United States sought the forfeiture from Defendant of any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; and any property real or personal that constituted, or was derived from or was traceable to the proceeds obtained directly or indirectly from the commission of the offense; or that was used to facilitate, or was intended to be used to facilitate the commission of the offense. Such property included, but was not limited to the following:

    (a)    The real property located at 80 Walnut Street, Unit 401, Canton, Massachusetts 02021, more specifically described in the deed recorded on September 25, 2000, in the Norfolk County registry of Deeds, book 14423, page 104.

3.    The forfeiture allegation also provided that if any of the property previously mentioned, as a result of any act or omission of the Defendant, (a) could not be located upon the exercise of due diligence; (b) had been transferred or sold to, or deposited with, a third party; (c) had been placed beyond the jurisdiction of the Court; (d) had been substantially diminished in value; or (e) had been commingled with other property which could not be subdivided without difficulty, that it was the intention of the United States, pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982(b), to seek forfeiture of any other property of Defendant up to the value of the previously described property;

Such property included but was not limited to:

the real property located at 38 Kevin Clancy Way, Stoughton, Massachusetts, more fully

2

       described in the deed recorded at Book 15017, Page 403 of the Norfolk County Registry of Deeds, in the name of Abdul A. Quraishi.

4. On January 20, 2006, Defendant pled guilty to Count One of the Indictment, pursuant to a written Plea Agreement. In his plea agreement, Defendant agreed to forfeit to the United States any and all assets subject to forfeiture as a result of his guilty plea. The assets to be forfeited specifically included, without limitation, the following:

(a) The contents of bank account number 8620008235, held in the name of MAQ Technologies, Inc./Mohammed A.R. Quraishi, at Charter One Bank;

(b) The contents of bank account number 8620398000, held in the name of Mohammed A.R. Quraishi at Charter One Bank,[2]

(collectively referred to as the "Defendant Properties").

5. In the Plea Agreement, the Defendant admits that these assets are subject to forfeiture on the grounds that (1) they constitute, or are derived from, proceeds of Defendant's unlawful activity, and/or (2) they were property used, or intended to be

---

[2] In Defendant's plea agreement, Defendant agreed to consent to the entry of orders of forfeiture with regard to the above-referenced bank accounts and specifically waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. In addition, in the plea agreement, the Defendant admitted that these bank accounts were subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of the Defendant's unlawful activity and/or property used, or intended to be used, to commit the crime to which he had pled guilty.

used, to commit the crimes charged in Count One of the Indictment, charging encouraging and inducing aliens to come to, enter and reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, and residence was or would be in violation of law, in violation of 8 U.S.C. §1324(a)(1)(A)(iv), or are substitute assets.

6.   The plea agreement also provided that the forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

7.   By virtue of the Defendant's guilty plea, and his subsequent conviction on Count One, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Properties, or substitute assets, in a value up to the amount of the Defendant Properties.  See Rule 32.2(b)(2); 21 U.S.C. §853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

8.   Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Defendant Properties and will publish notice in a newspaper of national circulation of the Court's Order and of the United States' intent to dispose of the Defendant Properties in such manner as the Attorney General, or his authorized representatives, may direct, pursuant to 21 U.S.C. §853(n).

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Defendant Properties in the form submitted herewith.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney,


    /s/ Jennifer H. Zacks
    JENNIFER H. ZACKS
    Assistant U.S. Attorney
    United States Courthouse
    Suite 9200
    1 Courthouse Way
    Boston, MA 02210
Date: 1/25/06    (617) 748-3100

**CERTIFICATE OF SERVICE**

I, Jennifer H. Zacks, Assistant United States Attorney, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and I have served a copy of the foregoing by first class mail, postage prepaid, upon the following:

    Peter Gelhaar, Esquire,
    Donnelly, Conroy & Gelhaar, LLP
    One Beacon Street, 33rd Floor
    Boston, MA 02108

    Michael Connolly, Esquire
    Hinckley, Allen and Snyder, LLP
    28 State Street, 29th Floor
    Boston, MA 02109

    Frank A. Libby, Jr., Esquire
    Kelly, Libby & Hoopes, P.C.
    175 Federal Street
    Boston, MA 02110

    Bank of America
    100 Federal Street
    Boston, MA 02110

    Ms. Colleen Newton
    Bank of America
    475 Crosspoint Parkway
    Getzville, MA 14068

                                          /s/ Jennifer H. Zacks
                                          JENNIFER H. ZACKS
                                          Assistant U.S. Attorney

Date: 1/25/06

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Plaintiff, )<br>   v. )<br>                              )<br>MOHAMMED ABDUL RASHEED QURAISHI, )<br>        Defendant. )<br>                              ) | Criminal No. 04-10345-NMG |

**PRELIMINARY ORDER OF FORFEITURE**

**GORTON, D.J.,**

WHEREAS, on or about November 18, 2004, a grand jury sitting in the District of Massachusetts returned a Five-Count Indictment charging Mohammed Abdul Rasheed Quraishi ("Defendant") and others, with the following: Encouraging and Inducing Aliens to Come to, Enter and Reside in the United States in Violation of Law, in violation of 8 U.S.C. §1324(a)(1)(A)(iv) (Count One)[1];

AND WHEREAS, the Indictment also included a Criminal Forfeiture allegation, pursuant to 18 U.S.C. §982(a)(6), and as a result of the offenses alleged in Counts One, Two, and Three of the Indictment, the United States sought the forfeiture from Defendant of any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; and any property real or personal that constituted, or was derived from or was traceable to the proceeds obtained directly or indirectly from the commission of the offense; or that was used to facilitate, or was intended to be used

---

[1] The Defendant was not named in the other counts of the Indictment.

to facilitate the commission of the offense. Such property included, but was not limited to the following:

> (a) The real property located at 80 Walnut Street, Unit 401, Canton, Massachusetts 02021, more specifically described in the deed recorded on September 25, 2000, in the Norfolk County registry of Deeds, book 14423, page 104;

AND WHEREAS, the forfeiture allegation also provided that if any of the property previously mentioned, as a result of any act or omission of the Defendant, (a) could not be located upon the exercise of due diligence; (b) had been transferred or sold to, or deposited with, a third party; (c) had been placed beyond the jurisdiction of the Court; (d) had been substantially diminished in value; or (e) had been commingled with other property which could not be subdivided without difficulty, that it was the intention of the United States, pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982(b), to seek forfeiture of any other property of Defendant up to the value of the previously described property;

> Such property included but was not limited to:
>
>> the real property located at 38 Kevin Clancy Way, Stoughton, Massachusetts, more fully described in the deed recorded at Book 15017, Page 403 of the Norfolk County Registry of Deeds, in the name of Abdul A. Quraishi;

AND WHEREAS, on January 20, 2006, Defendant pled guilty to Count One of the Indictment, pursuant to a written Plea Agreement. In his plea agreement, Defendant agreed to forfeit to the United States any and all assets subject to forfeiture as a result of his

guilty plea. The assets to be forfeited specifically included, without limitation, the following:

    (a) The contents of bank account number 8620008235, held in the name of MAQ Technologies, Inc./Mohammed A.R. Quraishi, at Charter One Bank;

    (b) The contents of bank account number 8620398000, held in the name of Mohammed A.R. Quraishi at Charter One Bank,

(collectively referred to as the "Defendant Properties");

AND WHEREAS, in the Plea Agreement, the Defendant admits that these assets are subject to forfeiture on the grounds that (1) they constitute, or are derived from, proceeds of Defendant's unlawful activity, and/or (2) they were property used, or intended to be used, to commit the crimes charged in Count One of the Indictment, charging encouraging and inducing aliens to come to, enter and reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, and residence was or would be in violation of law, in violation of 8 U.S.C. §1324(a)(1)(A)(iv), or are substitute assets.

AND WHEREAS, the plea agreement also provided that the forfeitures may be carried out criminally, civilly, or administratively in the government's discretion;

AND WHEREAS, by virtue of the Defendant's guilty plea, and his subsequent conviction on Count One, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Properties, or substitute assets, in a value up to the amount of

the Defendant Properties.  See Rule 32.2(b)(2); 21 U.S.C. §853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999);

AND WHEREAS, upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Defendant Properties and will publish notice in a newspaper of national circulation of the Court's Order and of the United States' intent to dispose of the Defendant Properties in such manner as the Attorney General, or his authorized representatives, may direct, pursuant to 21 U.S.C. §853(n);

AND WHEREAS, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Defendant Properties in the form submitted herewith.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.   Based upon the conviction of Defendant Mohammed Abdul Rasheed Quraishi, the United States is hereby authorized to seize the Defendant Properties and they are hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. §853(a) and (p).

2.   If the Defendant Properties, as a result of any act or omission by Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the court; (d) have been substantially diminished in value; or (e)

have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of Defendant, up to the value of the Defendant Properties, pursuant to 21 U.S.C. §853(p).

    3.    The United States Department of Homeland Security ("Homeland Security") shall hold the Defendant Properties in its secure custody and control.

    4.    Pursuant to 21 U.S.C. §853, Homeland Security shall take any other appropriate steps pursuant to the applicable provisions of 21 U.S.C. §853, to seize, forfeit, and dispose of the Defendant Properties, giving notice as required by law.

    5.    Pursuant to 21 U.S.C. §853(n)(1), the United States shall publish, at least once for three successive weeks in a newspaper of national circulation, notice of this Order and of the United States' intent to dispose of the Defendant Properties in such manner as the Attorney General, or his authorized representatives, may direct.

    6.    Pursuant to 21 U.S.C. §853(n), the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Defendant Properties that is the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified.

    7.    Pursuant to 21 U.S.C. §853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than

Defendant, asserting a legal interest in the Defendant Properties, shall within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Defendant Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Defendant Properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Defendant Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8.   Pursuant to 21 U.S.C. §853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2), for the filing of such petitions, the United States of America shall have clear title to the Defendant Properties.

9.   Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. §853(n), and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

                                                _____
                                                NATHANIEL M. GORTON
                                                United States District Judge

Dated: _____